C:AS

Steven Goldberg, OSB No. 75134
GOLDBERG, MECHANIC, STUART & GIBSON LLP
621 SW Morrison St., Ste. 1450
Portland, Oregon 97205
(503) 224-2372
(503) 224-1123 Facsimile
goldberg@goldbergmechanic.com

Of Attorneys for Plaintiffs

FILED'05 SEP 21 15:24USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MARK HOLLIDAY, STEVE BRADLEY, CHARLES P. VALENTINE, DAVID ALEXANDER , JAMES D. ANDERSON NELDA WILSON, RICHARD KRIESIEN and JAMES M. WRIGHT**, Trustees for the AGC-INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 701, TRUST FUNDS,

Plaintiffs,

vs.

**POK WAN CONTRACTING, INC.**, an Oregon corporation,

Defendant.

Civ. No. CV '05 1459 AS

COMPLAINT

Suit to Enforce Collective Bargaining Agreement/ Audit Obligation under 29 U.S.C. § 185, 29 U.S.C. § 1132 and 29 U.S.C. § 1145

**Jurisdiction**

1.

This action is brought pursuant to Section 301(a) of the Labor Management



5585

Relations Act ("LMRA"), 29 USC Section 185(a), for breach of a Collective Bargaining Agreement between an employer engaged in an industry affecting commerce and a labor organization representing employees in an industry affecting commerce. This action is also brought under the Employee Retirement Income Security Act (ERISA), Section 502 (29 USC Section 1132) and Section 515 (29 USC Section 1145), because it is brought by the Trustees of an employee benefits plans to enforce the employer's obligation to make fringe benefit contributions according to the Collective Bargaining Agreement.

2.

Plaintiffs Mark Holliday, Steve Bradley, Charles P. Valentine, David Alexander, James D. Anderson, Nelda Wilson, Richard Kriesien and James M. Wright are Trustees of the AGC-International Union of Operating Engineers Local 701 Health and Welfare, Pension, Vacation and Training Trust Funds, collectively referred to as the "Trust Funds". Said Trust Funds were and are Trusts created pursuant to written collective bargaining agreements which are organized and existing pursuant to Section 302 of the LMRA (29 USC Section 186). Said Trust Funds are also multi-employer "employee benefits plans" for purposes of 29 USC Section 1132(d)(1), in that they are established and maintained for the purpose of providing medical, disability, pension, vacation, training, and other related needs of employees and employers within the purposes of the Trust Funds. The principal offices of the Trust Funds are located in Seattle, Washington.

3.

At all times mentioned herein, Defendant was a corporation organized and existing under and by virtue of the laws of the State of Oregon.

4.

Defendant is, and has been, engaged in the construction industry and as such has been engaged in an industry affecting commerce, within the meaning of the Labor Management Relations Act, 29 USC Sections 152(6)-(7), and within the meaning of ERISA, 29 USC Sections 1002(4)(5)(11) and (12).

STATEMENT OF FACTS

5.

Defendant was signatory to the Master Labor Agreement between the Oregon-Columbia Chapter Associated General Contractors of America, Inc. and the International Union of Operating Engineers, Local No. 701, effective June 1, 2000 through May 31, 2002.

6.

Under the terms of the above-described Collective Bargaining Agreement, Defendant agreed to make monetary contributions on behalf of its employees performing work within the jurisdiction of Local 701 to the Trust Funds. Based on the terms of the Collective Bargaining Agreement, Defendant further agreed to be bound by the terms and provisions of the Trust Agreements as amended that governed each of the respective

Trust Funds.

7.

The Trust Agreements required Defendant to file monthly reports to the Trust Funds on its employees covered by the Collective Bargaining Agreements setting forth the amount of hours worked by Defendant's employees. In addition, Defendant was required to make monthly payments to the Trust Funds based on the number of hours its employees worked in the preceding month. Defendant is also required to permit an authorized representative of the Trust Funds to enter upon its premises at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether Defendant is making full and prompt payment of all sums required and filing all reports required by the Trust Funds.

8.

On or about February 26, 2002, Defendant sent the International Union of Operating Engineers a letter advising that Defendant was giving notice to the Union of its intent to discontinue the Master Labor Agreement between the Union and Defendant.

10.

Despite the notice given by Defendant to Plaintiff, Defendant in fact adopted the new Master Labor Agreement covering the time period for the period June 1, 2002 to May 31, 2007 by its conduct as follows:

A. By complying with terms of the new collective bargaining agreement by

paying employees based upon the terms of that agreement;

B. By deducting and remitting Union dues from employees' pay; and

C. By making contributions to the Trust Funds on behalf of its employees performing work within the jurisdiction of Local 701 beginning in May 2003 and continuing through October 2004.

11.

When Defendant was covered by the 2000-2002 Master Labor Agreement, it failed to pay interest and liquidated damages for June through October 2001 in the amount of $281.45, and further failed to make Health and Welfare contributions for October 2001 in the amount of $350.64.

12.

When Defendant was bound by the 2002-2007 Master Labor Agreement as a result of its having adopted that Agreement by its conduct, Defendant failed to pay liquidated damages and interest for May 2003 through May 2004 in an amount equal to $1,685.70.

13.

Since October 2004, Defendant has failed to file monthly reports and make any contributions to Plaintiffs on behalf of its employees performing work within the jurisdiction of Local 701. Under the terms of the Collective Bargaining Agreements and the Trust Agreements that govern the respective Trust Funds, Plaintiffs are entitled to conduct an audit to determine if Defendant is delinquent in any of its contributions to the

Trust Funds.

LEGAL CLAIMS

14.

Plaintiffs are entitled to enforcement of the Collective Bargaining Agreement and Trust Agreements, requiring production of books and records and allowance of an audit pursuant to 29 U.S.C. Sections 301 and 1145.

15.

Plaintiffs are entitled to a judgment for any and all unpaid contributions determined by the audit, interest on unpaid contributions, and liquidated damages pursuant to 29 U.S.C. Sections 186, 1132 and 1145. Further, Plaintiffs are entitled to judgment in the amount of $2,317.79 on behalf of unpaid contributions, interest and liquidated damages for the time period October 2001 through May 2004.

16.

Plaintiffs are entitled to an award of attorney fees pursuant to 29 U.S.C. Section 1132(g).

WHEREFORE, Plaintiffs ask this court for an Order as follows:

1. Judgment against Defendant in the amount of $2,317.79.

2. An Order requiring Defendants to produce its books, records, papers or reports related to hours worked by or payroll taxes paid on account of its employees for examination by Plaintiffs' auditor, and any other business records of Defendant required

by Plaintiffs' auditor to complete a full and accurate audit for the time period from October 1, 2000 to April 4, 2001.

3. Judgment based upon any and all unpaid contributions determined by the above-described audit and production of records.

2. An award of Plaintiffs' reasonable attorney fees; and

3. For such other relief as the Court deems equitable.

DATED this 20 day of September, 2005.

GOLDBERG, MECHANIC, STUART & GIBSON, LLP

STEVEN GOLDBERG, OSB# 75134
Of Attorneys for Plaintiffs
Trial Attorney: Steven Goldberg
Taxpayer I.D. Numbers:

Health and Welfare Trust
No. 93-0622685

Pension Trust
No. 93-6075580

Vacation Trust
No. 23-7119639

Training Trust
No. 93-0634959

N:\SG\AGC\Pok Wan\Complaint 01.wpd./ldm